**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAOZHEN WENG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   14-72848

Agency No. A087-593-455

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Xiaozhen Weng, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an omission of Weng's father's eye injury, and inconsistencies regarding Weng's passport, an alleged guarantee letter, and the conditions of Weng's release from detention. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances."). Weng's explanations for the inconsistencies and omission do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that, even if Weng is Christian and practiced Christianity in the United States, she failed to establish a well-founded fear of persecution in China. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present compelling objective evidence demonstrating a well-founded fear of future persecution). Thus, Weng's asylum claim fails.

Because Weng failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

14-72848

**PETITION FOR REVIEW DENIED.**